IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AL JOSEPH FELDER, SR., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:04cv598-WKW |
| ) | (WO) |
| DONAL CAMPBELL, *et al*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Al Joseph Felder, Sr. ("Felder"), a convicted felon, contends that the defendants, all officials or employees of the State of Alabama, violated his constitutional rights because they "issued a detainer against plaintiff which they knew or should have known was not predicated upon a valid conviction." Felder contends that a Montgomery County Alabama Circuit Judge granted him relief on a Rule 32 petition on March 7, 1996, thereby vacating his conviction and sentence. Felder alleges that because of the detainer, he is unable to participate in or is denied access to favorable programs and placement within the federal prison system. Felder seeks injunctive relief and damages. The defendants contend that the conviction from which Felder claims he obtained relief is a valid conviction and that while the Circuit Court may have granted him some relief, it did not vacate the conviction or sentence imposed on him.

At the time the plaintiff filed this 42 U.S.C. § 1983 action, Felder was in federal custody. In January 2005, Felder was returned to the custody of the State of Alabama. In 2006, the Alabama Department of Corrections conceded in a state court proceeding that the

order of the Circuit Court of Montgomery County did appear to vacate Felder's conviction and sentence and subsequently released him on June 1, 2006.

Pursuant to the orders of this court, the defendants filed special reports and supporting evidentiary materials addressing Felder's claims for relief. Felder was provided an opportunity to respond to the motions and has done so. In accordance with the orders entered in this case, the court deems it appropriate to treat these reports as a motion for summary judgment. *See Order of October 8, 2004, doc. # 27.* Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of the motion, pleadings, responses and evidentiary material filed in support of and in opposition to the motion, the court concludes the defendants' motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Felder is required to produce some evidence which would be admissible at trial supporting his claim of a constitutional violation. *See* FED. R. CIV. P. 56(e). Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby,* 477 U.S. 242 (1986). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*,

2

739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Felder has failed to demonstrate that there is a genuine issue of material fact sufficient to preclude summary judgment. *Matsushita*, *supra*.

### III.  FACTS[1]

The plaintiff was convicted by a jury of trafficking in cocaine, possession of marijuana, and failure to affix the appropriate tax stamps on the cocaine in the Circuit Court of Montgomery County on February 9, 1990. (Pl's Ex. C, Doc. # 10 at 21). On March 1, 1990, Felder was sentenced to fifteen years imprisonment on the cocaine trafficking charge, twelve months imprisonment on the marijuana possession charge and three years imprisonment on the failure to affix tax stamps charge, to be served concurrently. (*Id.* at 21-22). His appeal was unsuccessful. His sentence began on June 21, 1991. (Defs.' Ex. A, Doc. # 25, at 3).

On November 7, 1990, Felder was charged in this court in a three count indictment with possession with intent to distribute cocaine base and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm during and in relation to the commission of drug offenses in violation of 18 U.S.C. § 924(c)(1). On January 18,

---

[1] The facts are gleaned from the complaint, the numerous pleadings and exhibits filed by Felder as well as the records of the proceedings in the Circuit Court of Montgomery County.

1991, Felder was convicted on all three counts. On April 19, 1991, Felder was sentenced to one hundred and thirty-six (136) months on the drug offenses to run concurrently and sixty (60) months of the firearm charge with the sentence to run consecutively.

Relying on Felder's 1990 convictions in the Circuit Court of Montgomery County, in 1991, the Alabama Department of Corrections lodged a detainer against him with the Department of Justice, Federal Bureau of Prisons. (Defs' Ex. A, Doc. # 25 at 2).

Felder filed a petition for relief pursuant to ALA. R. CRIM. P. 32 in the Circuit Court of Montgomery County on July 10, 1992. On February 2, 1995, the Circuit Court ordered the State to file a response to Felder's petition. On January 4, 1996, Felder filed "Exhibits A & B" which included a copy of his Rule 32 petition. On February 16, 1996, the Circuit Court ordered the State to file a response.

> The Court ordered the Respondent to respond to the Petitioner's request on February 2, 1995. It is hereby ORDERED that a response shall be filed within fourteen days or relief will be granted.

On March 7, 1996, Montgomery County Circuit Court Judge Greenhaw entered the following order:

> The Court ordered the Respondent to respond to Petitioner's request on February 16th, 1996. There having been no response filed with fourteen days, it is hereby ORDERED that Petitioner's request for relied (sic) is due to be and is hereby GRANTED.

(Pl's Ex. A, Doc. # 10). The case action summary ("CAS") shows the entry of the March 7, 1996, order granting petitioner's request for relief. (Pl's Ex. I, Doc. # 10, at 5-6). After a number of other entries, including a request for a hearing date and request for entry of default

5

judgment filed by Felder, the CAS shows on April 18, 1997, an "Order - Rule 32 Dismissed" entry. (*Id.*)

Felder filed this 42 U.S.C. § 1983 action on June 18, 2004 while he was in federal custody.

On January 3, 2005, Felder was returned to the Alabama Department of Corrections to begin serving his fifteen year sentence on the 1990 convictions.

On April 28, 2005, Felder filed a petition for writ of habeas corpus in the Circuit Court of Escambia County challenging his 1990 conviction in the Circuit Court of Montgomery County. (Defs' Ex. B, Doc. # 67).  At a hearing held on April 6, 2006, in the Circuit Court of Escambia County, the attorney for the Alabama Department of Corrections conceded that Felder's habeas corpus petition was due to be granted.

>    MR. BUTLER:    . . . we were able to go back through the records from the Montgomery Circuit Clerk's office and ascertain that Mr. Felder had in fact filed a Rule 32 petition in Montgomery County. I obtained a copy of that Rule 32 petition. It was served on the district attorney, there was no response made by the district attorney in Montgomery County. The court, Judge Sally Greenhaw, in fact issued an order because of the respondent's failure to respond to the Rule 32 granting Mr. Felder's relief as stated under he Rule 32 petition.  And that relief was that his conviction was illegal. Based on that, Your Honor, we would submit to the court, and from what we have found reading the petition, looking at the order, there was never any appeal to that court's order, we would contend that Mr. Felder's habeas petition is due to be granted.
>
>                   *      *      *
>
>    THE COURT:     So are you stating for the record that your

|              | recommendation is that the court grant Mr. Felder's petition for writ of habeas corpus which is pending before this court? |
|---|---|
| MR. BUTLER:  | It is, Your Honor. Based upon the record and what we have now learned. Because we now have the case number that the actual Rule 32 was filed under. |
| THE COURT:   | And the result would be, if the court grants that and dismissed the petition, is that he will be due to be released from the state penitentiary. |
| MR. BUTLER:  | That's correct, Your Honor. |
|              | *   *   * |
| THE COURT:   | Are you satisfied? |
| MR. FELDER:  | Yes, sir. |

(Pl's Ex. 1, Doc. # 70, at 4-9).

Felder's petition was subsequently granted and he was released from the custody of the Alabama Department of Corrections on June 1, 2006. (Defs' Ex. A, Doc. # 67).

## IV. DISCUSSION

**(1)  Injunctive Relief**. Felder seeks a declaratory judgment that the defendants violated his constitutional rights and injunctive relief prohibiting the enforcement of the detainer against him. The undisputed evidence before the court demonstrates that Felder was released from federal custody on January 3, 2005 and, pursuant to the detainer, returned to the custody of the State of Alabama. Furthermore, Felder was released from the custody of the State of Alabama on June 1, 2006. There is nothing before the court to suggest that there is any reasonable likelihood of a recurrence of the alleged violation. The expiration of the

7

detainer based on Felder's return to state custody and his subsequent release moots his claims for declaratory and injunctive relief related to the detainer. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers. *See Green v. Mansour,* 474 U.S. 64, 71 (1985). Consequently, the court concludes that Felder's claims for declaratory and injunctive relief regarding the detainer are now moot and should be dismissed. *See County of Los Angeles v. Davis*, *supra*.

**(2)** **The Request for Damages**. Felder contends that the actions of the defendants, in not removing the detainer after the Circuit Court granted his Rule 32 petition, violated his clearly established rights secured by the Fourteenth Amendment in that the defendants deprived him of his liberty without due process of law. Felder seeks compensatory damages in the amount of twenty-five (25) million dollars and punitive damages in the amount of thirty (30) millions dollars from each defendant.

**(a)** **Qualified Immunity**

The defendants assert that, to the extent the plaintiff requests damages, they are shielded by the defense of qualified immunity because they did not violate Felder's constitutional rights and that they did not violate clearly established law. Government

8

officials performing discretionary functions are entitled to qualified immunity from liability from civil damages unless their conduct violates "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> [Q]ualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier v. Katz*, 553 U.S. [194,] 206 [(2001)]. For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful. . . ; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

*Hope*, 536 U.S. at 739. The Supreme Court has established a two-part approach for the qualified immunity analysis. "The threshold inquiry a court must undertake . . . is whether plaintiff's allegations, if true, establish a constitutional violation." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Hope*, 536 U.S. at 735). *See also Porter v. White*, 483 F.3d 1294, 1302 (11th Cir. 2007) (the court must "decide the threshold issue . . . of whether the official has deprived the plaintiff of a constitutional right at all.") "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Thus, the first task for this court is to determine whether the facts, when considered in the light most favorable to Felder, show that the defendants violated Felder's constitutional rights.

Under the circumstances of this case, the court has little difficulty concluding that the

individual defendants did not violate Felder's constitutional rights. At the time the detainer was placed against Felder, the underlying convictions were valid. The detainer was lodged against Felder in 1991. It was not until five (5) years later that the Circuit Court of Montgomery County issued an order that purported to grant the plaintiff relief on his Rule 32 petition. It bears repeating that Felder filed a petition for relief pursuant to ALA. R. CRIM. P. 32 in the Circuit Court of Montgomery County on July 10, 1992 after his direct appeals were exhausted and unsuccessful. The Circuit Court ordered the district attorney to file a response to Felder's petition in 1995. On January 4, 1996, Felder filed "Exhibits A & B" which included a copy of his Rule 32 petition. On February 16, 1996, the Circuit Court again ordered the district attorney to file a response.

> The Court ordered the Respondent to respond to the Petitioner's request on February 2, 1995. It is hereby ORDERED that a response shall be filed within fourteen days or relief will be granted.

The CAS indicates that on March 7, 1996, Montgomery County Circuit Court Judge Greenhaw entered an order which reads in its entirety as follows:

> The Court ordered the Respondent to respond to Petitioner's request on February 16th, 1996. There having been no response filed with fourteen days, it is hereby ORDERED that Petitioner's request for relied (sic) is due to be and is hereby GRANTED.

(Pl's Ex. A, Doc. # 10). Numerous other entries are noted on the CAS including a request for a hearing date and request for entry of default judgment filed by Felder in December 1996. Finally, the CAS shows on April 18, 1997, an entry that reads "Order - Rule 32 Dismissed."

The issuance of the order and the subsequent actions of the state court judge are steeped in ambiguity. The March 1996 order does not make any reference to Felder's Rule 32 motion or the specific relief which he sought. In addition, the order was filed in case number CC 90-92.60 while the motion Felder refers to was filed in case number 92:2027. The CAS in CC 90-92 shows that although the March 7, 1996 order granted the petitioner's request for relief, the case was not dismissed until after a number of other entries, including Felder's December 1996 requests for a hearing date and entry of default. The CAS shows an April 18, 1997 order which dismissed Felder's Rule 32 petition. If the March 1996 order vacated his conviction as decisively and clearly as Felder contends, it seems incongruous at best for the court to dismiss his postconviction motion some 14 months later with an order that simply said "Rule 32 Dismissed."

In *Baker v. McCollan*, 443 U.S. 137 (1979), the plaintiff was arrested and detained on the basis of a facially valid arrest warrant. However, the arrest warrant was intended for the plaintiff's brother. Despite the plaintiff's protestations of innocence and mistaken identity, he was detained for several days in the county jail. The plaintiff pursued a § 1983 claim against the sheriff for failing to investigate his claims of mistaken identity. The Supreme Court concluded that the plaintiff's detention on the basis of a valid arrest warrant did not constitute a deprivation of liberty without due process of law in violation of the Fourteenth Amendment because the sheriff was under no constitutional duty to investigate the validity of the arrest warrant.

The defendants in this action relied on valid convictions to lodge a detainer against

11

Felder that was valid when it was lodged. The Constitution did not impose upon the defendants a duty to investigate the continued validity of that detainer. Because of the ambiguity surrounding the meaning of the order upon which Felder relies, the court cannot conclude that the actions of the defendants in relying on the previously valid convictions to lodge a valid detainer violated Felder's constitutional rights.

In essence, Felder claims that the state court order effectively vacated his conviction and the defendants should have removed the detainer placed against him based solely on this order. To the extent that Felder's pleadings can be construed as raising a 14th Amendment constitutional right to enforcement of the March 1996 order, he is entitled to no relief on this basis. As recently as 2005, the Supreme Court held that a plaintiff did not have constitutional right to enforce a valid court order. *See Town of Castle Rock, Col. v. Gonzales*, 545 U.S. 748 (2005). In *Gonzales*, the plaintiff sued local law enforcement officers for failing to enforce a valid restraining order against her estranged husband. The Court concluded that the plaintiff in *Gonzales* had no constitutional right to enforce an admittedly valid restraining order. Consequently, this court cannot conclude that Felder has a constitutional right to enforcement of an ambiguous state court order.

To survive the defendants' motion for summary judgment, Felder has the burden of proof to first demonstrate that the filing of the detainer and the defendants' reliance upon it deprived him of a constitutional right. *See Porter*, 483 F.3d at 1302. He has failed to make this showing. "Not every action by a state actor that results in a loss of liberty under the Due Process Clause gives rise to liability under § 1983." *Id.* at 1307. Felder has failed to come

forward with any showing that the actions of these defendants of relying on valid convictions to properly lodge a detainer and continued reliance on that detainer in the face of an ambiguous court order, violated his constitutionally protected rights under the Fourteenth Amendment. Therefore, in the absence of demonstrating that the defendants violated his constitutional rights, the court concludes that summary judgment should be granted in favor of the individual defendants.

### (b) Sovereign Immunity

The court also concludes that the individual defendants in their official capacities and the ADOC are immune from suit. An official-capacity suit is an alternative method of "pleading an action against an entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *LaMarca v. Turner*, 995 F.2d 1526, 1542 (11th Cir. 1993). Thus, an official-capacity suit against individual defendants should be treated as a suit against the entity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *LaMarca*, *supra*.

> "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity," *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities."

*Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

Therefore, "[a]bsent an express waiver, the Eleventh Amendment bars a damages action against a State in federal court." *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993). Therefore, the plaintiff's claims against the individual defendants in their official capacities are essentially claims against the ADOC, an agency of the State of Alabama. Accordingly, to the extent that the plaintiff seeks monetary relief against the Alabama Department of Corrections and the individual defendants in their official capacities, the plaintiff's claims are barred by the Eleventh Amendment and are subject to dismissal.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1.   To the extent that the defendants move to dismiss Felder's requests for injunctive and declaratory relief, the motion for summary judgment be GRANTED and these claims be DISMISSED as moot.

2.   With respect to the remaining claims, the defendants' motion for summary judgment be GRANTED and Felder's claims for monetary damages be DISMISSED.

Additionally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **July 30, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal

factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 17th day of July, 2007.


      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE